# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1175V
Filed: December 10, 2019

* * * * * * * * * * * *
| | |
|---|---|
| ASHLEY BARKOCY, *as parent and natural guardian of M.B., a minor* | UNPUBLISHED |
| Petitioner, | Dismissal; Failure to Prosecute; Failure to Follow Court Orders; Vaccine Rule 21(b) |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
* * * * * * * * * * * *

*Ashley Barkocy*, pro se, Destin, FL.
*Mollie Gorney, Esq.*, U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION DISMISSING PETITION[1]

**Roth,** Special Master:

    On August 10, 2018, Ashley Barkocy ("petitioner" or "Ms. Barkocy") filed a *pro se* petition for compensation in the National Vaccine Injury Compensation Program ("the Program")[2] on behalf of her minor child, M.B. The petition alleged that M.B. received human papillomavirus ("HPV") vaccinations on August 13, 2015, October 19, 2015, and

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

March 18, 2016, and thereafter suffered from injuries including but not limited to, postural orthostatic tachycardia syndrome ("POTS"). *See* Petition ¶¶2, 3.

A status conference was held on November 13, 2018. During the conference, petitioner advised that she had contacted several attorneys with experience in the Vaccine Program and they requested to review M.B.'s medical records before undertaking representation of petitioner's claim. Order at 1, ECF No. 9. Petitioner explained that she was in the process of gathering M.B.'s medical records but was having trouble obtaining records from some of M.B.'s providers. *Id.* Petitioner was advised that she could contact the Court and request an Order granting petitioner the authority to have a subpoena served on a certain facility or provider. *Id.* Petitioner was ordered to file M.B.'s medical records by January 14, 2019. *Id.* at 2. Petitioner was encouraged to continue pursuing representation from an attorney. *Id.*

Petitioner failed to file any medical records for M.B. by January 14, 2019, nor did she contact the Court in any way. An Order was issued on January 24, 2019 for petitioner to file M.B.'s medical records by March 25, 2019. Scheduling Order at 1-2, ECF No. 10. Petitioner was advised that failure to comply with Court orders, as well as failure to respond to Court communications, could result in the dismissal of her claim. *Id.* at 1.

Petitioner failed to file any medical records for M.B. by March 25, 2019, nor did she contact the Court in any way. An Order to Show Cause was issued on April 2, 2019, for petitioner to file M.B.'s medical records or otherwise show cause for why this matter should not be dismissed by May 2, 2019. Order to Show Cause at 1, ECF No. 11. Petitioner was advised that failure to respond to this Order would result in the dismissal of her claim. *Id.*

Petitioner contacted the Court via email on May 6, 2019. *See* Status Report, ECF No. 14. Petitioner advised that she had an appointment with attorney for the end of May and requested an extension of time. *Id.* at 1. An Order was issued for petitioner to file a status report by August 5, 2019, advising the Court of her progress in retaining an attorney. Status Report Order at 1, ECF No. 13.

Petitioner failed to file a status report by August 5, 2019, nor did she contact the Court in any way. On August 8, 2019, my law clerk emailed petitioner to remind her of the necessity of complying with Court-ordered deadlines. *See* Order to Show Cause at 1, ECF No. 15. Petitioner did not respond. *Id.* On August 29, 2019, a second Order to Show Cause was issued. *Id.* Petitioner was ordered to file a status report or otherwise show cause for why this matter should not be dismissed by September 30, 2019. *Id.* Petitioner was advised that failure to respond to this Order would result in the dismissal of her claim. *Id.* This Order was returned to the Court as unclaimed mail on October 3, 2019. *See* ECF No. 16.

On October 4, 2019, a third Order to Show Cause was issued, requiring petitioner to file a status report or otherwise show cause for why this case should not be dismissed for failure to prosecute by November 4, 2019. Order to Show Cause at 1, ECF No. 17. Petitioner was advised that failure to respond to this Order would result in the dismissal of her claim. *Id.* This Order was sent to petitioner via certified mail, regular mail, and e-mail to ensure delivery. *Id.* On October 16, 2019, the Court received a return receipt indicating that the Order had been successfully delivered on October 8, 2019. *See* ECF No. 18.

Petitioner failed to file a status report or contact the Court in any way by November 4, 2019. As of December 10, 2019, petitioner has not contacted the Court in any way.

Petitioner's case has been pending for over a year. She has been provided time to find new counsel and to file medical records in support of her petition but has failed to do so. Moreover, she has failed to respond to Court orders on numerous occasions, despite numerous opportunities to do so, and has generally failed to comply with any of the Court's orders to apprise of her status and her intention regarding this vaccine injury claim.

It is petitioner's duty to prosecute her case, and to follow court orders. *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). **Accordingly, this case is dismissed for failure to prosecute and failure to follow courts orders. The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Mindy Michaels Roth
Special Master